1  ANDREW J. SOKOLOWSKI (SBN 226685)
   Andrew.Sokolowski@capstonelawyers.com
2  JENNIFER BAGOSY (SBN 223145)
   Jennifer.Bagosy@capstonelawyers.com
3  SUZY E. LEE (SBN 271120)
   Suzy.Lee@capstonelawyers.com
4  CAPSTONE LAW APC
   1875 Century Park East, Suite 1000
5  Los Angeles, California 90067
   Telephone:   (310) 556-4811
6  Facsimile:   (310) 943-0396

7  Attorneys for Plaintiffs Destiny Gallegos, Sara Ramirez and Jesse Perez
   Individually and on behalf of all others similarly situated
8

9
10                    UNITED STATES DISTRICT COURT
11                    CENTRAL DISTRICT OF CALIFORNIA
12                    EASTERN DIVISION - RIVERSIDE

13  DESTINY GALLEGOS, SARA                 Case No. 5:16-cv-00888 JGB(SPx)
    RAMIREZ and JESSE PEREZ,
14  individually and on behalf of all others   [Assigned for All Purposes to
    similarly situated,                    Hon. Jesus G. Bernal]
15
         Plaintiffs,                       **MEMORANDUM OF POINTS
16                                         AND AUTHORITIES IN
         vs.                               OPPOSITION TO
17                                         DEFENDANT'S MOTION TO
    ATRIA MANAGEMENT COMPANY,              COMPEL FURTHER
18  LLC, a Delaware limited liability      RESPONSES AND
    company; ATRIA SENIOR LIVING,          PLAINTIFF'S DEPOSITION**
19  INC., a Delaware corporation and DOES 1
    through 10, inclusive,                 Date:       November 8, 2016
20                                         Time:       10:00 a.m.
         Defendants.                       Courtroom:  1 (Riverside)
21
22
23
24
25
26
27
28

# TABLE OF CONENTS

I.   INTRODUCTION ..........................................................................................1

II.  STATEMENT OF FACTS ...........................................................................2

  A. Plaintiff Obtained Leave and Filed the First Amended Complaint, Naming Sara Ramirez and Jesse Perez as Additional Plaintiffs..............................................................................2

  B. Destiny Gallegos Has Ceased Communicating with Plaintiffs' Counsel, Who Plans to Withdraw from Representing Her ........................................................................3

  C. Meet and Confer Efforts ..............................................................4

III. ARGUMENT ................................................................................................6

  A. The Court Should Strike Defendant's Motion to Compel Because It Is Procedurally Improper ......................................................6

    1. Defendant Failed to Give Notice of Its "Motion" by Erroneously Styling It a "Joint Stipulation." ............................6

    2. Defendant's Notice is Deficient, and Defendant Should Be Required to Re-Notice the Hearing Before the Magistrate ..................................................................6

    3. Defendant Failed to Strictly Comply with Local Rule 37 by Failing to Meet and Confer in Good Faith........................7

  B. Defendant's Attacks on Plaintiffs' Counsel Are Irrelevant and Improper ..................................................................................8

  C. Defendant's Motion to Compel Further Responses and Production of Documents in Response to the RFPs Should Be Denied. ...............................................................................9

        1. Plaintiff Provided Verified Written Responses to RFP Nos. 1-7, 9-22, 24-27, 35-90 and 93 Stating That She Had No Responsive Documents ..................................................9

        2. Defendant's Motion to Compel a Privilege Log for RFP Nos. 91 and 92 Should Be Denied ...................................10

        3. Defendant's Request for Ms. Gallegos' Retainer Agreement with Capstone (RFP No. 28) Is Irrelevant and Should Be Denied ................................................................11

        4. Defendant's Motion to Compel Phone Records, E-Mails, and Text Messages in Response to RFP Nos. 29, 30 and 34 Should be Denied ...............................................13

    D. Defendant's Motion to Compel Further Interrogatory Responses and to Compel Her Deposition Should Be Denied ...........13

IV. CONCLUSION................................................................................................13

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Baldwin & Flynn Nat'l Safety Assoc.*, 149 F.R.D. 598 (N.D. Cal. 1993) ............... 10

*Gusman v. Comcast Corp.*, 298 F.R.D. 592 (S.D. Cal. 2014) .................... 12

*Hammond v. Management Training Corp.*, 2015 WL 402022
   (E.D. Cal. Jan. 29, 2015) ........................................................................ 11

*In re Front Loading Washing Mach. Class Action Litig.*,
   Civ. No. 08-51, 2010 BL 174961 (D. N.J. July 29, 2010) .................... 12

*In re Google Adwords Litig.*, No. C08-3369, 2010 BL 269141
   (N.D. Cal. Nov. 12, 2010) ..................................................................... 12

*Pierce v. County of Orange*, 526 F.3d 1190 (9th Cir. 2008) ..................... 10

*Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009) ......... 12

*U.S. v. Zolin*, 291 U.S. 554 (1989) ............................................................ 12

*Upjohn Co v. U.S.*, 449 U.S. 383 (1981) .................................................. 12

**FEDERAL STATUTES**

Cal. C.D. L.R. 37-1 ............................................................................... 7, 8

C.D. Cal. L.R 37-2.2 ................................................................................. 4

C.D. Cal. L.R. 83-2.3.2 ............................................................................. 5

**STATE STATUTES**

Cal. R. Prof. Conduct 3-700(C)(1)(d) ..................................... 4, 5, 11, 13

## I. INTRODUCTION

Defendant Atria Management Company ("Defendant" or "Atria") wastes this Court's time and forces Plaintiffs to incur needless litigation expenses by seeking to compel further discovery from a party whom Defendant knew was no longer interested in prosecuting her claims. Plaintiffs' counsel reiterated that fact after the Court granted the Motion to Amend, and tried to dissuade Defendant from filing this Motion.

On September 28, 2016, counsel for Plaintiffs Destiny Gallegos, Sara Ramirez and Jesse Perez ("Plaintiffs") informed Atria's counsel that it was clear to them that Plaintiff Destiny Gallegos no longer wished to participate in the case. Plaintiffs' counsel informed Defendant that they would continue to represent Plaintiffs Sara Ramirez and Jesse Perez, who were named in the October 11, 2016 First Amended Complaint, which was filed after the Court granted leave to amend. For these reasons, Plaintiffs' counsel urged Defendant not to file a Motion to Compel.

Despite these good faith representations by Plaintiffs' counsel, Defendant filed this unnecessary Motion to Compel, and did so in a manner that was procedurally improper. The Motion was improperly captioned (*e.g.* as a "Joint Stipulation," when in fact no such stipulation existed), and improperly noticed and scheduled (before this Court instead of the Magistrate Judge). Consequently, the Motion should be stricken and re-noticed for a date consistent with the Magistrate Judge's schedule.

Moreover, this Motion should be denied because it is meritless. Defendant uses its papers to re-hash improper personal attacks on Plaintiffs' counsel that bear even less relevance to the discovery issues here than they did to Plaintiffs' motion for leave to amend. The Court rejected these arguments, which pertain to unrelated and irrelevant matters, in deciding the motion for leave, and should reject them again here. Further, the discovery Defendant seeks is over broad, irrelevant, and improper, especially in light of the fact that Plaintiffs' counsel will soon seek to withdraw from representing Ms. Gallegos, who appears disinterested in continuing to serve as a putative class representative. Once she is no longer a named Plaintiff, Defendant will not be entitled

to the extent of discovery it now seeks from her.

## II. STATEMENT OF FACTS

### A. Plaintiff Obtained Leave and Filed the First Amended Complaint, Naming Sara Ramirez and Jesse Perez as Additional Plaintiffs

On September 12, 2016, Plaintiff moved for leave to file a First Amended Complaint ("FAC") to add class representatives Sara Ramirez and Jesse Perez. (ECF No. 29.) Defendant opposed the Motion for Leave to Amend (ECF No. 30).

In Plaintiffs' October 3, 2016 Reply (ECF No. 31), Plaintiffs' counsel described why the motion to amend was brought in good faith, that they had only recently learned of Ms. Ramirez and Mr. Perez's interest in becoming plaintiffs in the case, and that Plaintiffs were within the prescribed time to amend the complaint.[1] (*Id*.) The Court agreed in an October 7, 2016 Order (ECF No. 32), rejecting Defendant's claims of bad faith, and finding that "[t]his is the first time Plaintiff seeks to amend her complaint in this action, and she does so within the timeframe set out by the Court's June 13, 2016 scheduling order. Furthermore, this action has only been before the Court since May 2016, when Defendants removed the action to this Court." (*Id*. at 3.) Finding that the likelihood of Ms. Gallegos' withdrawal *favored* Plaintiffs' motion for leave rather than undermined it, as Defendant suggested, the Court held, "[h]ere, Plaintiff's argument for being able to add new named plaintiffs is particularly compelling, since the action may not be able to go forward without them, given Gallegos' indication that she wishes to withdraw." (*Id*.) The Court granted Plaintiff's Motion. (*Id*.)

Plaintiffs filed the FAC on October 11, 2016; thus, Plaintiffs Ramirez and Perez are now parties and named Plaintiffs in this action. (ECF No. 33.) On the same date, Defendant filed the instant Motion to Compel. (ECF No. 34.)

---

[1] Plaintiffs' counsel also stated in the Reply, as he had disclosed to Defendant's counsel on September 28, 2016, that it appeared to Plaintiffs' counsel that Ms. Gallegos no longer wanted to be involved in the case. (ECF No. 31-1 at ¶ 2.)

Page 2
POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

### B. Destiny Gallegos Has Ceased Communicating with Plaintiffs' Counsel, Who Plans to Withdraw from Representing Her

Plaintiff's counsel diligently worked to maintain contact with Destiny Gallegos during throughout the discovery process. During June, July, and August, Ms. Gallegos would take time – sometimes days or weeks – to respond to phone calls, e-mails, text messages and letters – but she would always, ultimately, respond. Consequently, Plaintiffs' counsel were able to discuss Defendant's discovery requests and deposition notice with Ms. Gallegos, and she verified her responses to Defendant's Requests for Production and Interrogatories, which were served on July 25, 2016. (Declaration of Andrew Sokolowski ("Sokolowski Decl."), at ¶ 2.)

However, during and after the month of August, Ms. Gallegos stopped responding to Plaintiffs' counsel's communications. (*Id*. ¶ 3.) Although Ms. Gallegos previously confirmed her availability for an August 24, 2016 deposition, lead counsel from Capstone had to reschedule it. Counsel e-mailed Defendant's counsel on August 16, 2016, stating that a "conflict has come up." (ECF 34-18 (Levy Decl. Ex. T).) That conflict was a combined pretrial conference and hearing on multiple motions that the court had set for August 24, 2016, in a matter that was, at the time, scheduled for trial on October 3, 2016. (Sokolowski Decl. ¶ 4.)

Unlike in previous months, when Gallegos responded to communications, Gallegos did not respond to Plaintiffs' counsel's communications in August and September. (*Id*. at ¶ 5.) In the meantime, Defendant served a deposition notice on Ms. Gallegos for September 28, 2016. (ECF No. 34-1 (Crosman Decl.) at ¶ 3.) On September 26, 2016, Defendant's counsel sent an e-mail to Plaintiff's counsel inquiring if Ms. Gallegos would appear for her deposition on September 28. On that date, having heard nothing from Ms. Gallegos despite repeated attempts to contact her, Plaintiff's counsel responded that she would not be appearing and that he would call to discuss. (Sokolowski Decl. ¶ 6 & Exs. A & B.) During the call on September 28, 2016, Plaintiffs' counsel informed Defendant's counsel that Gallegos no longer appeared

interested in continuing as a Plaintiff in the case. (ECF No. 31-1 at ¶ 2; Sokolowski Decl. at ¶ 6.)

In light of Gallegos' conduct, which is making it unreasonably difficult to pursue her claims, Capstone will file a motion to withdraw from representing Ms. Gallegos, and will do so as soon as is practicable. This motion will be based on California Rule of Professional Conduct 3-700(C)(1)(d) (the client's conduct "renders it unreasonably difficult for the member to carry out the employment effectively"). Plaintiffs' counsel intends to continue to represent Sara Ramirez and Jesse Perez, who Plaintiffs' counsel believes will cooperate fully in discovery. (Sokolowski Decl. ¶¶ 7-8.)

### C. Meet and Confer Efforts

On September 28, 2016, Plaintiffs' counsel informed Defendant's counsel, Christopher Crosman, that Ms. Gallegos apparently no longer wished to act as class representative. (ECF No. 31-1 at ¶ 2; ECF No. 34-1 at ¶ 3.) During that conversation, Mr. Crosman asked for deposition dates for the proposed new plaintiffs, Ramirez and Perez. (ECF No. 31-1 at ¶ 2.) Plaintiffs' counsel intend to respond by either confirming the depositions for the noticed dates or providing alternate availability. (Sokolowski Decl. ¶ 9.)

On October 3, 2016, with Plaintiffs' Motion for Leave to Amend still pending and with knowledge of Gallegos' apparent unwillingness to continue serving as a class representative, Defendant's counsel sent to Plaintiffs' counsel a draft joint stipulation under Local Rule 37-2.2, in support of Defendant's proposed motion to compel discovery responses and deposition testimony from Gallegos. (*Id.* ¶ 10.) Plaintiffs' counsel did not respond with Gallegos' portion of the stipulation because, as Defendant was aware, it was Plaintiffs' counsel's understanding that Gallegos would not be continuing as a class representative. (ECF No. 31-1 at ¶ 2; Sokolowski Decl. ¶ 10.)

Plaintiffs' counsel attempted to convince Defendant's counsel that the Motion would not accomplish anything and that it was very unlikely that Plaintiffs' counsel would be able to provide amended responses or produce Gallegos for a deposition even

1  if the Court granted the Motion. (Sokolowski Decl. ¶ 11.) In that context, Plaintiffs'
2  counsel suggested that Defendant should not file the motion. (*Id.*) After the Court
3  granted the Motion to Amend, Plaintiff's counsel again attempted to convince
4  Defendant not to file this Motion to Compel. On October 11, 2016, the Monday after
5  the Court gave Plaintiffs' leave to amend the Complaint to add Plaintiffs Ramirez and
6  Perez, Plaintiffs' counsel emailed Defendant's counsel to determine if they still
7  intended to proceed with the motion. (Sokolowski Decl. ¶ 12 & Ex. C.) Defendant
8  responded that it would file the Motion if it did not receive Plaintiffs' portion by 5 p.m.
9  and did so. (*Id.*) Defendant filed the "Joint Stipulation Regarding Defendant Atria
10 Management Company's Motion to Compel Further Responses and Plaintiff's
11 Deposition" on October 11, 2016. (*Id.* ¶ 13.)

12      On October 14, 2016, Plaintiffs' counsel notified Defendant's counsel in writing
13 that Capstone intended to move to withdraw from representing Ms. Gallegos, under
14 C.D. Cal. Local Rule 83-2.3.2, based on California Rule of Professional Conduct 3-
15 700(C)(1)(d) (client's conduct renders it unreasonably difficult for the member to carry
16 out the employment). (Sokolowski Decl. ¶ 14 & Ex. D.) Counsel for the parties
17 discussed the matter on October 17, 2016. (Sokolowski Decl. ¶ 15.) Plaintiffs' counsel
18 reiterated that Gallegos, through her non-responsiveness, made clear that she did not
19 want to continue her participation in the case. Plaintiffs' counsel also indicated that it
20 would be highly unlikely that they could assist Defendant in achieving any compliance
21 with an order in its favor on the Motion given Gallegos' lack of responsiveness, and
22 suggested that Defendant withdraw this Motion. (*Id.*) Defendant's counsel indicated
23 that it would not oppose the motion to withdraw as counsel for Gallegos. (*Id.*) On
24 October 18, 2016, Plaintiffs' counsel again emailed Mr. Crosman to determine whether
25 Defendant would withdraw this Motion. Mr. Crosman declined on the ground that
26 Gallegos was still a Plaintiff in this action. (*Id.*, ¶ 16 & Ex. E.)

27
28

## III.   ARGUMENT

### A.   The Court Should Strike Defendant's Motion to Compel Because It Is Procedurally Improper

#### 1.   Defendant Failed to Give Notice of Its "Motion" by Erroneously Styling It a "Joint Stipulation."

Defendant filed its Motion to Compel in the form of a "Joint Stipulation Regarding Defendant Atria Management Company's Motion to Compel Further Responses and Plaintiff's Deposition."[2] Yet, as Defendant is fully aware and has acknowledged in its papers, no such "joint stipulation" actually exists. Defendant concedes that Plaintiff's failure to "provide her portion of the joint stipulation" was the reason "Defendants file[d] the instant motion." (ECF No. 34-19, Levy Supp. Decl. at ¶ 2.) Also, in the Memorandum of Points and Authorities, Defendant repeatedly states that "Plaintiff declined to provide her portion of the Joint Stipulation in accordance with Local Rule 37-2.2." (ECF No. 34 at 3, 9, 12, 14, 17, 19, 22, 23, 25, 28, 31, 33, 34). As such, there was never a "joint stipulation" and Defendant should have filed a noticed motion instead.[3]

#### 2.   Defendant's Notice is Deficient, and Defendant Should Be Required to Re-Notice the Hearing Before the Magistrate

Pursuant to Judge Bernal's Standing Order, Paragraph 8, discovery matters are to be heard by the Magistrate Judge, parties must mark all discovery motions with the words "DISCOVERY MATTER," and must deliver mandatory chambers copies to the Magistrate, rather than the Court. Defendant's papers are deficient because Defendant erroneously noticed the hearing for Courtroom 1, which is Judge Bernal's courtroom,[4]

---

[2] Consequently, Plaintiff refers to the filing at ECF No. 34 herein as a "Motion."

[3] Absent an order or notice from the clerk to the contrary, Plaintiffs are treating this as if it were a noticed motion, which would mean under L.R. 37-2.4 that Plaintiffs' Opposition is due October 18, 2016 and Defendant's Reply is due October 25, 2016.

[4] The Magistrate Judge for this case is the Hon. Sheri Pym, and she hears motions in Courtroom 3 or 4.

and because Defendant failed to identify this motion as a "DISCOVERY MATTER". As a consequence, this Motion has been misrouted to Judge Bernal. Moreover, it has been scheduled for hearing on a date when Judge Bernal does not even hear motions. According to Judge Bernal's standing order, he hears motions on Mondays at 9 a.m. only (*id.*, Para. 9), but November 8, 2016 is a Tuesday.[5]

Therefore, this Motion should be taken off-calendar and Defendant should be required to properly notice it for hearing with Magistrate Judge Pym.

### 3. Defendant Failed to Strictly Comply with Local Rule 37 by Failing to Meet and Confer in Good Faith.

In their discussions on September 28, 2016 and October 17, 2016, Plaintiff's counsel explained that Ms. Gallegos had been nonresponsive, that she apparently no longer wished to serve as class representative, and that counsel planned to seek to substitute Ms. Ramirez and Mr. Perez as Plaintiffs instead of Ms. Gallegos. Defendant chose to ignore these representations and insisted on moving forward with the Motion to Compel. Defendant wants to ignore its failure to meet and confer in good faith as Local Rule 37-1 requires. During the meet and confer process, Plaintiffs' counsel raised legitimate concerns about (1) whether the Motion was necessary in light of Gallegos' lack of contact and apparent desire to forego pursuing her claims, (2) whether the Motion would achieve any legitimate litigation goals, and (3) whether the Motion was a simple waste of judicial resources. Defendant's counsel responded that they had done sufficient research to assure themselves that there was a good faith basis for filing the Motion. (Sokolowski Decl., ¶¶ 11-12.) After the Court granted Plaintiff's Motion to Amend, Plaintiffs' counsel again reached out to determine whether Atria intended to file this Motion, because there were even fewer reasons to do so than before – because Defendant was aware that Gallegos no longer wanted to participate in the case and the

---

[5] Further, Defendant's motion papers give two different hearing times for the motion. Defendant's motion, erroneously named a "Joint Stipulation," indicates the hearing time as 10 a.m. while the caption pages of the other four declarations filed in support of the motion indicate the hearing time as 9 a.m.

Court had now ruled that the two new Plaintiffs would be added. (*Id.*, ¶¶11-12.). Defendant responded with an ultimatum – provide your portions of the joint stipulation by 5 p.m. or we will file without it. (*Id.* at ¶ 12.) At no point did Defendant address Plaintiffs' counsel's legitimate concerns about whether this Motion was truly necessary or achieved any goal that would move the case forward.

Rather, Defendant took the opportunity to mischaracterize this discovery dispute as "stonewalling," knowing that Gallegos simply no longer wishes to actively participate in the case. Defendant also falsely accused Plaintiff of failing to appear at deposition and argued that Plaintiffs' counsel waited until the day of deposition to inform Defendant that she would not appear. (Mot. at 2:21-3:4). However, Defendant knows that on Monday, September 26, 2016, Plaintiffs' counsel notified Atria's counsel that Gallegos would not appear for deposition on September 28. (Sokolowski Decl., ¶ 6 and Exs. A-B.) Plaintiffs' counsel also requested to speak with Mr. Crosman to discuss the situation. Mr. Crosman indicated that he was in meetings and not available until September 28, 2016, when Plaintiffs' counsel spoke with him and explained the circumstances. (Sokolowski Decl., ¶ 6 and Exs. A-B.)

Magistrate Judge Pym's standing order states that "[s]trict compliance with Local Rule 37 is required." (https://www.cacd.uscourts.gov/honorable-sheri-pym, Para. 2.). That includes the requirement under Local Rule 37-1 to meet and confer in good faith. Defendant failed to do so by ignoring that Plaintiffs' counsel were no longer able to reach Gallegos, by filing a document styled a "joint stipulation," ignoring the valid reasons why Plaintiff's counsel would be unable to provide Gallegos' portion of the stipulation.

### B. Defendant's Attacks on Plaintiffs' Counsel Are Irrelevant and Improper

Defendant's Motion rehashes the same improper *ad hominem* attacks against Plaintiffs' counsel that it made in Opposition to the Motion for Leave to Amend regarding a prior, unrelated case (*Mercado v. Atria Mgt. Co.*, LLC, No. BC 570823

(Los Angeles County Superior Court)) and alleged advertisements. (ECF No. 30.) The Court rejected those arguments (ECF No. 32), making them doubly improper upon repetition. Further, these extraneous non-issues have even less relevance to a motion to compel discovery than they did a motion for leave to amend. Yet, remarkably, Defendant not only repeats its losing arguments, but it attaches to its papers *129 pages* of pleadings and other documents from *Mercado*, which have nothing whatsoever to do with the discovery issues in this case. Indeed, Defendant's exhibits pertaining to the actual issues in this motion do not begin until Exhibit I. This is an egregious waste of the Court's time and resources and confirms that Defendant did not wish to meet and confer about the substance of the Motion in good faith, but wanted another chance to launch personal attacks on Plaintiffs' counsel.

Likewise, Defendant again inappropriately harasses Plaintiff's counsel by pointing out that Plaintiff's counsel has placed advertisements. (ECF No. 43, Mot. at 1; Mem. at 4-5.) Yet the Capstone advertisements Defendant complains of are lawful and comply with the California Rules of Professional Conduct. Defendant makes no claim to the contrary, choosing instead to use loaded epithets such as "trolling." Such personal attacks, insults, and baseless intimations of improper conduct are highly inappropriate and have no place in a brief before a federal court.

### C. Defendant's Motion to Compel Further Responses and Production of Documents in Response to the RFPs Should Be Denied.

#### 1. Plaintiff Provided Verified Written Responses to RFP Nos. 1-7, 9-22, 24-27, 35-90 and 93 Stating That She Had No Responsive Documents

On July 25, 2016, Plaintiff submitted verified responses stating that she had no documents to produce that were responsive to Defendant's RFPs. Although those responses were made subject to objections, Plaintiff's counsel has received no documents that it is withholding pursuant to those objections. (Sokolowski Decl. ¶ 17.) Plaintiff's counsel does not have information regarding the extent of the search Ms.

Gallegos conducted beyond what they had when the responses were first completed. (*Id.*)

Plaintiffs' counsel expect to move to withdraw as Ms. Gallegos' counsel and her documents will soon become irrelevant, or at minimum, as relevant as those of any other absent class member. *See, e.g., Pierce v. County of Orange*, 526 F.3d 1190, 1202, n.9 (9th Cir. 2008); *Baldwin & Flynn Nat'l Safety Assoc.*, 149 F.R.D. 598, 600 (N.D. Cal. 1993).

### 2. Defendant's Motion to Compel a Privilege Log for RFP Nos. 91 and 92 Should Be Denied

RFP 91 seeks "[a]ll DOCUMENTS PERTAINING TO any bankruptcy YOU filed in the last ten 7 [sic] (10) years." RFP 92 seeks "all" documents that "describe or reference any other lawsuits, administrative charges or any other complaints, grievances, or other legal or equitable claims made by YOU or others on YOUR behalf, PERTAINING TO YOUR employment with DEFENDANTS and/or any other employer, entity or individual, including, without limitation, deposition and hearing transcripts, opinions, orders judgments, settlement and/or release agreements, and drafts thereof." (ECF 34-13 (Levy Decl. Ex. J).) Plaintiff properly objected to these requests as "overly broad as to scope" and "not reasonably calculated to lead to the discovery of admissible evidence," and to the extent they sought attorney-client privileged communications or attorney work product. (ECF No. 34-17 (Levy Decl. Ex. N).)

These Requests are vastly overbroad because they seek not only publicly-filed court or administrative records, but "all documents pertaining to" these, which would, by logical extension, include any communications between Ms. Gallegos and anyone (including attorneys) regarding contemplated or filed actions. If Defendant wishes to know whether Ms. Gallegos filed for bankruptcy or filed any other actions against Atria or other employers, an interrogatory would be a far less burdensome method of accomplishing this objective. *See Hammond v. Management Training Corp.*, 2015 WL

402022, at *5 (E.D. Cal. Jan. 29, 2015) (holding defendant's overbreadth objection justified to document request that sought information on who developed the policy or determined the criteria, noting that "the Court has difficult[y] understanding why [plaintiff] did not simply ask for this information in an interrogatory and, instead, sought it through a document request which was not designed to elicit this information.").

The Requests are also irrelevant, especially in light of the fact that Ms. Gallegos is not expected to remain a named Plaintiff in this class action.

However, even assuming, *arguendo*, that Ms. Gallegos were to remain a named plaintiff, the Requests are again so broad in scope that they seek irrelevant information. Defendant seeks information regarding the nature of Ms. Gallegos' prior court actions. Any documents beyond those filed with a court or administrative agency in such actions (if any exist) would add very little, while requiring Ms. Gallegos to undertake the substantial burden of searching all past e-mails and correspondence for documents that may somehow "pertain" to employment litigation or bankruptcy.

At this time, Plaintiffs' counsel is not aware of any bankruptcies or prior employment-related actions filed by Ms. Gallegos, nor is Plaintiffs' counsel in possession of any responsive, privileged documents that are being withheld. (Sokolowski Decl. ¶¶ 17-18.) Therefore, Plaintiffs' counsel cannot prepare a privilege log. However, as previously explained, Plaintiffs' counsel intends to file a motion to withdraw from representing Ms. Gallegos under California Rule of Professional Conduct 3-700(C)(1)(d) (the client's conduct "renders it unreasonably difficult for the member to carry out the employment effectively").

### 3. Defendant's Request for Ms. Gallegos' Retainer Agreement with Capstone (RFP No. 28) Is Irrelevant and Should Be Denied

Defendant has set forth no legitimate basis to seek production of Ms. Gallegos' retainer agreement with her counsel. Although, in this Circuit, retainer agreements *may*

POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

be relevant to identifying potential conflicts of interest between a named plaintiff and the class, which in turn may be relevant to adequacy, *see Rodriguez v. West Publishing Corp.*, 563 F.3d 948 (9th Cir. 2009), production is not automatic. First, the party seeking disclosure must have more than mere conjecture of the existence of a conflict. *See In re Google Adwords Litig.,* No. C08-3369, 2010 BL 269141, *4 (N.D. Cal. Nov. 12, 2010) (holding that retainer agreements and other documents about the funding of the litigation was not discoverable unless there was "reason to think there is a potential conflict."). Here, Defendant has not articulated any grounds for discovery regarding any conflict.

Second, discovery regarding potential conflicts of interest can (and should) be had by alternative means that do not risk infringing upon attorney-client privileged information. *In re Front Loading Washing Mach. Class Action Litig.*, Civ. No. 08-51, 2010 BL 174961, *4 (D. N.J. July 29, 2010) (acknowledging that a retainer agreement was "not necessarily privileged," but finding that defendant "can obtain the discovery by alternative means, such as through the depositions of individual Plaintiffs").

Third, because retainer agreements may contain privileged information, application of privilege is determined on a case-by-case basis. *Upjohn Co v. U.S.*, 449 U.S. 383 (1981). As such, in cases where courts did order production of retainer agreements, it was done only after an *in camera* review. *Gusman v. Comcast Corp.*, 298 F.R.D. 592, 600 (S.D. Cal. 2014); *U.S. v. Zolin*, 291 U.S. 554 (1989). Here, if the Court is inclined to grant Defendant's motion, Plaintiffs request that that occur only after such a review by the Court.

Finally, the attorney-client privilege belongs to Destiny Gallegos, who is absent from the proceedings at this stage. Consequently, her attorneys should not be forced to waive the privilege without her knowledge or consent.

### 4. Defendant's Motion to Compel Phone Records, E-Mails, and Text Messages in Response to RFP Nos. 29, 30 and 34 Should be Denied

At this time, Plaintiffs' counsel is not in possession of any documents responsive to RFP Nos. 29, 30 and 34. (Sokolowski Decl. ¶ 17.) Plaintiff's responses are adequate. However, as previously explained, Plaintiffs' counsel intends to file a motion to withdraw from representing Ms. Gallegos under California Rule of Professional Conduct 3-700(C)(1)(d) (the client's conduct "renders it unreasonably difficult for the member to carry out the employment effectively"). (*Id.* ¶¶ 7, 14 & Ex. D.)

## D. Defendant's Motion to Compel Further Interrogatory Responses and to Compel Her Deposition Should Be Denied

For the reasons described in detail above, Defendant's Motion should also be denied as to her Interrogatory responses and deposition. Plaintiff's responses are adequate. Further, Plaintiffs' counsel intends to file a motion to withdraw from representing Ms. Gallegos under California Rule of Professional Conduct 3-700(C)(1)(d) (the client's conduct "renders it unreasonably difficult for the member to carry out the employment effectively"). (*Id.* ¶¶ 7, 14 & Ex. D.) The Motion should therefore be denied because Ms. Gallegos may soon cease to be a named plaintiff in this action.

## IV. CONCLUSION

For all the foregoing reasons, Plaintiffs request that the Court deny Defendant's Motion in its entirety.

//
//
//
//
//
//

| | |
|---|---|
| Dated:  October 18, 2016 | Respectfully submitted, |
| | Capstone Law APC |
| | |
| | By: s/ Andrew J. Sokolowski |
| | Andrew J. Sokolowski |
| | Jennifer Bagosy |
| | Suzy E. Lee |
| | |
| | Attorneys for Plaintiffs Destiny Gallegos, Sara Ramirez and Jesse Perez Individually and on behalf of all others similarly situated |